# UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF TEXAS BEAUMONT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § JUDGMENT IN A CRIMINAL CASE |
| | § |
| v. | § |
| | § Case Number: **1:15-CR-00069-MAC-KFG(1)** |
| **IAN CHRISTIAN ANDERSON** | § USM Number: **58663-037** |
| | § **Douglas Milton Barlow** |
| | § Defendant's Attorney |

**THE DEFENDANT:**

| | | |
|---|---|---|
| ☐ | pleaded guilty to count(s) | |
| ☒ | pleaded guilty to count(s) before a U.S. Magistrate Judge, which was accepted by the court. | **1 of the Indictment** |
| ☐ | pleaded nolo contendere to count(s) which was accepted by the court | |
| ☐ | was found guilty on count(s) after a plea of not guilty | |

The defendant is adjudicated guilty of these offenses:

| **Title & Section / Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|
| 18:2422(b) Coercion and Enticement Of A Minor | 03/20/2015 | 1 |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐  The defendant has been found not guilty on count(s)

☒  Count(s) 2, 3, and 4 ☐ is   ☒ are dismissed on the motion of the United States

     It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**March 3, 2016**
Date of Imposition of Judgment

*Marcia A. Crone* (signature)
Signature of Judge

**MARCIA CRONE**
**UNITED STATES DISTRICT JUDGE**
Name and Title of Judge

3/4/16
Date

DEFENDANT:        IAN CHRISTIAN ANDERSON
CASE NUMBER:      1:15-CR-00069-MAC-KFG(1)

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

135 months as to count 1.

☒  The court makes the following recommendations to the Bureau of Prisons:

The Court recommends to the Bureau of Prisons that the defendant receive appropriate sex offender treatment while imprisoned.

The Court recommends that defendant be incarcerated in FCI, Petersburg, Virginia, if available and defendant is eligible.

☒  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:

   ☐  at           ☐ a.m.   ☐ p.m.   on

   ☐  as notified by the United States Marshal.

☐  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☐  before 2 p.m. on
   ☐  as notified by the United States Marshal.
   ☐  as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to

at _____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By
DEPUTY UNITED STATES MARSHAL

DEFENDANT: IAN CHRISTIAN ANDERSON
CASE NUMBER: 1:15-CR-00069-MAC-KFG(1)

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: **ten (10) years.**

  The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*
- ☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*
- ☒ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*
- ☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

  If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

  The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1. the defendant shall not leave the judicial district without the permission of the court or probation officer;
2. the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4. the defendant shall support his or her dependents and meet other family responsibilities;
5. the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6. the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9. the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11. the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT:           IAN CHRISTIAN ANDERSON
CASE NUMBER:         1:15-CR-00069-MAC-KFG(1)

# SPECIAL CONDITIONS OF SUPERVISION

The defendant shall provide the probation officer with access to any requested financial information for purposes of monitoring the defendant's efforts to obtain and maintain lawful employment and income.

The defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer. The defendant shall pay any cost associated with treatment and testing.

Under the guidance and direction of the U.S. Probation office, the defendant shall participate in any combination of psychiatric, psychological, or mental health treatment as deemed appropriate by the treatment provider.

Under the guidance and direction of the U.S. Probation Office, the defendant shall participate in sex offender treatment services. These services may include psycho-physiological testing (i.e., clinical polygraph, plethysmograph, and the ABEL screen) to monitor the defendant's compliance, treatment progress, and risk to the community. The defendant shall abide by all rules and regulations of the treatment program. The defendant shall pay any costs associated with treatment and testing. Should the defendant fail to pay as directed, the defendant shall perform 3 hours of community service for each unpaid session.

The defendant shall not have direct or indirect contact with children under the age of 18 unless supervised by an adult approved by the probation officer. This condition prohibits intentional conduct rather than inadvertent or incidental encounters with children under the age of 18.

The defendant shall not use or own any device (whether or not at his/her place of employment, residence, or elsewhere) that can be connected to the Internet or used to store digital materials other than that authorized by the probation officer. This includes, but is not limited to, desktop computers, laptops, PDA's, electronic games, and cellular telephones. The defendant shall not use any device other than the one the defendant is authorized to use. The defendant shall allow the U.S. Probation Office to install software designed to monitor activities. This may include, but is not limited to, software that may record any and all activity on the computers the defendant may use, including the capture of keystrokes, application information, Internet use history, email correspondence, and chat conversations. The defendant will pay any costs related to the monitoring of his/her computer usage.

The defendant shall not use or possess any gaming consoles (including, but not limited to, Xbox, Playstation, Nintendo), or devices without prior permission from the probation officer.

The defendant shall not maintain or create a user account on any social networking site (i.e., Facebook.com, Twitter.com, Google+, MySpace.com, Adultfriendfinder.com, etc.) that allows access to persons under the age of 18, or allows for the exchange of sexually-explicit material, chat conversations, or instant messaging. The defendant shall neither view nor access any web profile of users under the age of 18.

DEFENDANT:            IAN CHRISTIAN ANDERSON
CASE NUMBER:          1:15-CR-00069-MAC-KFG(1)

If the defendant resides in a household where a computer is present (i.e., it belongs to a parent, spouse, roommate, etc.), the owner of the computer must agree to allow the U.S. Probation Office to install software designed to monitor computer activities on such computer. This may include, but is not limited to, software that may record any and all activity on any computer the defendant may use in the residence, including the capture of keystrokes, application information, Internet use history, e-mail correspondence, and chat conversations. The defendant will pay any costs related to computer monitoring. The defendant shall advise anyone in the defendant's household that may use any computer in question that monitoring software has been installed.

The defendant shall not attempt to remove, tamper with, or in any way circumvent the monitoring software. The defendant shall not access any Internet Service Provider account or other online service using someone else's account, name, designation, or alias. The defendant shall disclose all on-line account information, including user names and passwords, to the U.S. Probation Office. The defendant shall also, if requested, provide a list of all software/hardware on the defendant's computer, as well as telephone, cable, or Internet service provider billing records, and any other information deemed necessary by the probation office to monitor the defendant's computer usage.

The defendant shall refrain from the purchase, possession, or use of digital cameras; digital recorders; or any other type of digital recording and/or photographic equipment.

The defendant shall not possess or view any images in any form of media or in any live venue that depicts sexually explicit conduct as defined in 18 U.S.C. § 2256(2). This includes visual, auditory, telephonic, electronic media, email, chat communications, instant messaging, or computer programs. The defendant shall not patronize any place where such material or entertainment is available. The defendant shall not use any sex-related telephone numbers.

The defendant shall submit to a search of his person, property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning unlawful conduct or a violation of their conditions of supervised release.

The defendant shall provide the probation officer with access to any requested financial information for purposes of monitoring his compliance with the imposed computer access/monitoring conditions.

The defendant shall refrain from working as a dance instructor for children under the age of 18 and shall refrain from performing, dancing, emceeing, or working as a DJ at events and/or venues targeting children under the age of 18.

AO 245B (Rev. TXN 10/12) Judgment in a Criminal Case  Judgment -- Page 6 of 7

DEFENDANT: IAN CHRISTIAN ANDERSON
CASE NUMBER: 1:15-CR-00069-MAC-KFG(1)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---:|---:|---:|
| **TOTALS** | $100.00 | $.00 | $3,000.00 |

☐ The determination of restitution is deferred until            . An *Amended Judgment in a Criminal Case (AO245C)* will be entered after such determination.

☒ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

   Victim of offense

   If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

☐ Restitution amount ordered pursuant to plea agreement $

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ☒ the interest requirement is waived for the    ☐ fine    ☒ restitution

   ☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT:     IAN CHRISTIAN ANDERSON
CASE NUMBER:     1:15-CR-00069-MAC-KFG(1)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A**    ☒    Lump sum payments of $ $3,100.00 due immediately, balance due

       ☐    not later than                           , or

       ☒    in accordance    ☐ C,    ☐ D,    ☐ E, or    ☒ F below; or

**B**    ☐    Payment to begin immediately (may be combined with    ☐ C,    ☐ D, or    ☐ F below); or

**C**    ☐    Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D**    ☐    Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E**    ☐    Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**    ☒    Special instructions regarding the payment of criminal monetary penalties:

**It is ordered that the Defendant shall pay to the United States a special assessment of $100.00 for Count 1 which shall be due immediately. Said special assessment shall be paid to the Clerk, U.S. District Court.**

**Defendant must withdraw $3,100.00 from his 401K account and cooperate with the Government to effect that withdrawal. Defendant must pay $3,000.00 in restitution to the victim immediately.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to: U.S. District Court. Fine & Restitution. 1910 E SE Loop 323 No 287. Tyler, TX 75701

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐    Joint and Several
      See above for Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐    Defendant shall receive credit on his restitution obligation for recovery from other defendants who contributed to the same loss that gave rise to defendant's restitution obligation.

☐    The defendant shall pay the cost of prosecution.

☐    The defendant shall pay the following court cost(s):

☒    The defendant shall forfeit the defendant's interest in the following property to the United States:

     (a) An Apple iPhone cellular telephone, model A1586, belonging to the defendant
     (b) An Apple MacBook Pro, model number 1286
     (c) An Apple iPad, 64 gb SN: DLXH83WHDNQV
     (d) A Western Digital external hard drive, SN: WMX1EA0EFT94
     (e) A STA hard drive, SN: WCATR9058627.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.